UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

1:09-cv-20716-DLG

LEANDRO MONDAZZI; JOSE ZAMORA )
DIAZ; JUAN VALLE and all others similarly )
situated under 29 USC 216(B) )
     vs. )
  )
SOUTH FLORIDA DRIVE SVCS, INC. )
ALEX'S TRANSPORT, INC. )
SUNSHINE DRIVE SERVICE CORP. )
ALEJANDRO BELTRAN
MAURICIO BELTRAN
     Defendants

## AMENDED COMPLAINT UNDER 29 U.S.C. 201- 216 –OVERTIME AND MINIMUM WAGE VIOLATION AND RETALIATION VIOLATION UNDER 29 U.S.C. 215(A)(3)

COMES NOW Plaintiff, by and through undersigned counsel, and states:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiff was a resident of Dade County, Florida at the time that this dispute arose.

3. The Defendant is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporations were the FLSA joint-employer for the Plaintiffs for the relevant time period. The individual Defendants, BELTRAN, is/are a corporate officer(S) or owner or manager of the Defendant Corporations who run the day-to-day operations of the Corporate Defendants for the relevant time period and was/were responsible for paying each Plaintiff's wages for the relevant time period. All of the Corporate Defendants are owned by the individual Defendants and operated jointly for a common business purpose out of the same business address and form an enterprise as that term is defined by the FLSA.

4. All acts or omissions giving rise to this dispute took place in Dade County.

## COUNT I. FEDERAL STATUTORY VIOLATION (OVERTIME WAGE VIOLATION AND MINIMUM WAGE VIOLATION)

5. This action arises under the laws of the United States. The Plaintiff brings this complaint as a collective action under 29 U.S.C. 216(B).

6. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

7. 29 U.S.C. § 206 (a) (1) states " ..an employer must pay a minimum wage of $5.15/hr to an employee who is engaged in commerce..." [29 U.S.C. § 206 (a) (1)]". The minimum wage claims are brought pursuant to the Florida Constitution as well as the FLSA for the maximum minimum wage rates allowed during the relevant time period as allowed by State and Federal Law.

8. 29 U.S.C. § 207 (a) (1) states, " if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one half times the employee's regular rate…."

9. Defendant's business activities involve those to which the Fair Labor Standards Act applies. The Plaintiffs were car porters while they worked for the Defendants. Both the Defendant's business and the Plaintiff's work for the Defendant affected interstate commerce for the relevant time period. Plaintiff Mondazzi began work for the Defendant

on or about 02/10/07 until 10/30/08 while Plaintiff Diaz worked for Defendants from on or about 05/15/04 through 03/16/09 and Plaintiff Valle worked for the Defendants from on or about 03/10/04 through on or about 10/15/08 . Each Plaintiff's work for the Defendants affected interstate commerce for the relevant time period because the materials that he used or transported on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiff's use of the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiff's work for the Defendant. . Additionally upon information and belief, the Defendant Corporations grossed over $500,000 annually for the relevant time period.

10. Plaintiffs each worked an average of 85 hours weekly during the time period stated above while working for the Defendants.

11. Each Plaintiff was paid an average of $4.50 per hour for the hours that they worked for the Defendants but were never paid overtime wages nor minimum wages as required by the Fair Labor Standards Act or the Florida Constitution for any of the hours that they worked for the Defendants as stated above .

12. Defendants willfully and intentionally refused to pay Plaintiffs the overtime and minimum wage as required by the law of the United States and Florida as set forth above and remains owing Plaintiffs these overtime wages and minimum wages  since the commencement of each Plaintiff's employment with Defendants for the time period stated

above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime and minimum wages still owing from each Plaintiff's entire employment period with each Defendant or, as much as allowed by the Fair Labor Standards Act--whichever is greater along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. The Plaintiffs request a trial by jury.

### COUNT II: PLAINTIFF DIAZ' RETALIATORY DISCRIMINATION AND DISCHARGE UNDER 29 USC 215(A)(3)

**COMES NOW THE PLAINTIFFS, through Counsel, and re-adopts 1-12 above and further states:**

13. On or about March 18, 2009, Plaintiff Diaz mailed by certified mail a letter to the Defendants in compliance with the notice requirement regarding minimum wages as required by Florida Statute §448.110.

14. Upon Defendants' reception of Plaintiff's letter on March 19, 2009, Defendant Alex Beltran told Plaintiff Diaz to not act underhandedly through his lawyer's letter and to confront him face-to-face. During the conversation between Plaintiff Diaz and Defendant Alex Beltran, Defendant Alex Beltran made reference to Plaintiff's letter requesting minimum wages and asked Plaintiff to explain the letter. When Plaintiff Diaz refused, Defendant Alex Beltran threatened to physically injure Plaintiff Diaz.

15. On March 20th, 2009, the Defendants fired the Plaintiff after Plaintiff had worked for the Defendants for nearly (5) years.

16. The motivating factor for Defendant's firing of Plaintiff Diaz was Plaintiff's letter containing Plaintiffs' notice of Florida Minimum Wage violations as discussed above is in direct violation of 29 U.S.C. 215 (A)(3) and , as a result, Plaintiff Diaz has been damaged.

WHEREFORE, PLAINTIFF DIAZ REQUESTS JUDGMENT AGAINST THE DEFENDANTS JOINTLY AND SEVERALLY , ATTORNEY'S FEES, COSTS, BACK WAGES AND DOUBLE OR LIQUIDATED BACK WAGES FROM THE DATE OF FIRING UNTIL AND INCLUDING THE DATE OF TRIAL,  PROMOTION AND INJUNCTIVE RELIEF PROHIBITING THE DEFENDANTS FROM DISCRIMINATING IN THE MANNER DESCRIBED ABOVE, EMOTIONAL DISTRESS AND HUMILIATION AND PAIN AND SUFFERING AND DAMAGES FOR PERSONAL INJURY, MEDICAL BILLS, FRONT WAGES UNTIL THE PLAINTIFF BECOMES 65 YEARS OF AGE  AS WELL AS ALL OTHER DAMAGES RECOVERABLE BY LAW 29 U.S.C. 216(B). THE PLAINTIFF REQUESTS A TRIAL BY JURY.

**Respectfully submitted,**

J.H. ZIDELL
ATTORNEY FOR PLAINTIFF
300 71st STREET #605
MIAMI BEACH, FLA. 33141
305-865-6766

Case 1:09-cv-20716-EGT   Document 3   Entered on FLSD Docket 03/26/2009   Page 6 of 6

F.B.N. 0010121

BY:_____/s/_____

J.H. ZIDELL

**CERTIFICATE OF SERVICE**

As of 3/26/09, no appearance by defense counsel has been made.

BY:_____/s/_____
JH ZIDELL, ESQ.