UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: 09-20716-GRAHAM/TORRES

CONSENT CASE

LEANDRO MONDAZZI; JOSE ZAMORA        )
DIAZ; JUAN VALLE; RUBEN VALDIVIA     )
and all others similarly situated under 29 USC )
216(B)                                )
    vs.                               )
                                      )
SOUTH FLORIDA DRIVE SVCS, INC.        )
ALEX'S TRANSPORT, INC.                )
SUNSHINE DRIVE SERVICE CORP.          )
ALEJANDRO BELTRAN                     )
MAURICIO BELTRAN                      )
    Defendants                        )

## JOINT PRETRIAL STIPULATION

Pursuant to Fed.R.Civ.P.26(a)(3) and S.D.Fla.L.R. 16.1.E, Plaintiffs and Defendants, by and through their undersigned counsel, hereby submit their joint pretrial stipulation.

1. **A concise statement of the case prepared by each Party in the action.**

    A. **Plaintiffs' Statement of the Case**

    Plaintiff Leandro Mondazzi was employed as a driver between the approximate dates of 2/10/07 through 10/30/2008 at Defendants' transport business were he worked in excess of forty (40) hours weekly for Defendants and was paid in violation of the Fair Labor Standards Act and the Florida Constitution, as he was not paid the required Minimum and Overtime wages as set forth in the Fourth Amended Complaint filed in this cause.

    Plaintiff Jose Zamora Diaz was employed as a driver between the approximate dates of 5/15/04 through 3/20/2009 at Defendants' transport business were he worked in excess of forty (40) hours weekly for Defendants and was paid in violation of the Fair Labor Standards Act and

the Florida Constitution, as he was not paid the required Minimum and Overtime wages as set forth in the Fourth Amended Complaint filed in this cause. Additionally, Plaintiff brings a claim for retaliatory discharge as Plaintiff was fired in retaliation for Plaintiff bringing his claim for overtime and minimum wages.

Plaintiff Juan Valle was employed as a driver between the approximate dates of 3/10/04 through 10/15/2008 at Defendants' transport business were he worked in excess of forty (40) hours weekly for Defendants and was paid in violation of the Fair Labor Standards Act and the Florida Constitution, as he was not paid the required Minimum and Overtime wages as set forth in the Fourth Amended Complaint filed in this cause.

Plaintiff Ruben Valdivia was employed as a driver between the approximate dates of 2/01/08 through 2/15/2009 at Defendants' transport business were he worked in excess of forty (40) hours weekly for Defendants and was paid in violation of the Fair Labor Standards Act and the Florida Constitution, as he was not paid the required Minimum and Overtime wages as set forth in the Fourth Amended Complaint filed in this cause.

Plaintiff Andres Rodriguez was employed as a driver between the approximate dates of 6/20/2000 through 8/26/2009 at Defendants' transport business were he worked in excess of forty (40) hours weekly for Defendants and was paid in violation of the Fair Labor Standards Act and the Florida Constitution, as he was not paid the required Minimum and Overtime wages as set forth in the Fourth Amended Complaint filed in this cause.

### B.   Defendants' Statement Of The Case:

During the time period relevant to this case, the Plaintiffs were engaged by two of the corporate Defendants to "re-position" rental cars wholly within the state of Florida. All Plaintiffs performed services for Alex's Transport, Inc. until it closed in September 2008. The

only Plaintiff who then worked for South Florida Drive Services, Inc., (which opened in October, 2009), is Jose Diaz, who was paid by that company until February, 2009.

All Plaintiffs: were paid for their services via IRS Form 1099, were independent contractors who signed independent contractor agreements with the corporate defendants, each filed their federal income taxes every year as sole proprietor businesses and took expense deductions for the work they performed, each were paid "per trip" driven, and were otherwise treated as independent contractors who often performed no work for the corporate defendants for weeks or months at a time and occasionally worked for the corporate defendants' competitors.

Alejandro Beltran and Mauricio Beltran are not proper defendants to this suit as they individually were not Plaintiffs' "employers" within the meaning of the FLSA.

As to Plaintiff Jose Zamora Diaz's FLSA retaliation claim, it fails because Mr. Diaz was not an employee and was not in any way terminated from service as a result of Defendants' receiving Plaintiffs' minimum notice.

2. **A statement of the basis for federal subject matter jurisdiction.**

This Court has subject matter jurisdiction under 28 U.S.C. §1331, 28 U.S.C. §1367 and under 29 U.S.C. §§201- 216. Defendants dispute that Plaintiffs can invoke either enterprise or individual coverage under the Fair Labor Standards Act.

3. **The Pleadings Raising the Issues:**
   A. Plaintiffs' Fourth Amended Complaint. [DE 24].
   B. Defendants' Answer, Affirmative Defenses to Plaintiffs' Fourth Amended Complaint. [DE 28].

4. **A list of all pending motions or other matters requiring action by the court**
   A. Plaintiffs' Motion for Summary Judgment filed on 3/23/10. [DE 35].

    B. Defendants' Motion for Summary Judgment filed on 4/06/10. [DE 38].

5. **<u>Concise Statement of uncontested facts which will require no proof at trial.</u>**

    A. Defendants' business gross sales or business done exceeded $500,000 annually during the relevant period of time.

6. **<u>A detailed statement of contested facts that remain to be litigated at trial.</u>**

    A. Whether Plaintiffs can prove facts which would entitle them to invoke individual or enterprise coverage under the Fair Labor Standards Act.

    B. Whether Plaintiffs can prove facts showing they were employees or independent contractors.

    C. The hours that Plaintiffs allegedly worked and the time spent on compensable tasks.

7. **<u>A concise statement of issues of law on which there is agreement.</u>**

    a. Defendants will not rely on a Motor Carrier Act exemption defense.

    b. Any claims made by Plaintiffs against Defendant Sunshine Drive Service, Corp. are outside of the all applicable statutes of limitation as to the claims made. That Defendant should be dismissed from this suit.

8. **<u>A concise statement of issues of law which remain for determination by the Court.</u>**

    A. Whether Plaintiffs can invoke individual or enterprise coverage under the Fair Labor Standards Act.

    B. Whether Plaintiffs were employees or independent contractors.

    C. Whether Alejandro Beltran was Plaintiffs' employer as defined by the Fair Labor Standards Act.

    D. Whether Mauricio Beltran was Plaintiffs' employer as defined by the Fair Labor Standards Act.

    E. Whether all time allegedly worked by Plaintiffs is compensable time under the FLSA.

    F.   The hours that Plaintiffs worked and the wages that each Plaintiff was paid for said work.

    G.   If liability is found, whether joint and several liability can be imposed on the defendants.

9. **Trial Exhibits**

    A.   To be filed prior to trial in accordance with the Court's instructions per DE 21.

10. **Trial Witnesses**

    A.   To be filed prior to trial in accordance with the Court's instructions per DE 21.

11. **Estimated Trial Time**

    A.   Parties estimate that this will be a 3-day jury trial.

12. **Estimate of Attorneys' Fees**

    A.   Plaintiffs' attorneys fees are estimated at $60,000 through trial.

    B.   The FLSA generally does not allow recovery of attorney's fees to a prevailing defendant. To the extent that Defendant may recover attorneys fees they are estimated at $20,000 through trial.

Date: 5/24/10

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFFS
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:_/s/ Daniel T. Feld _____
Daniel T. Feld, Esq.
Florida Bar No.: 0037013

Date: 5/24/10

Cassata & Hanson, P.L.
ATTORNEY FOR DEFENDANTS
320 Southeast Tenth Court
Fort Lauderdale, Florida 33316
PH: (954) 364-7806
FAX: (954) 251-4787

BY:__/s/_ Dion J. Cassata_____
    Dion J. Cassata, Esq.
    Florida Bar Number 0672564